IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| BONNIE ROPER, | ) | |
| | ) | Civil Action No. 2:13-CV-0053 |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| FANNIN REGIONAL HOSPITAL, INC., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Bonnie Roper (hereinafter "Roper" or "Plaintiff"), and files this lawsuit against Defendant Fannin Regional Hospital, Inc. ("Fannin Regional"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Fannin Regional Hospital, Inc. is a Georgia corporation, and resides in this district. In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from 1999 through January 15, 2013.

7.

Plaintiff was an "employee" of Defendant, as that term has been under the FLSA, 29 U.S.C. §203(e).

8.

From March 2010, until the date of her departure from Fannin Regional in January 2013, Roper's primary duty was the performance of non-exempt work, specifically clerical duties and data entry.

9.

Fannin Regional is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

10.

During the last three years, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

11.

Defendant Fannin Regional Hospital, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

From, at a minimum March 2010 to March 2012, Defendant misclassified Roper as exempt from the overtime requirements of the FLSA.

13.

In March 2012, Defendant reclassified Roper as non-exempt, and Roper continued to perform the same primary duty that she had performed prior to March 2012.

14.

From March 2010 to March 2012, Roper was paid on a salary basis and not paid overtime compensation for hours she worked in excess of 40 hours in given workweeks.

15.

From March 2012, until her departure from Fannin Regional in January 2013, Roper was paid on an hourly basis and entitled to overtime compensation for hours worked in excess of 40 hours in given work weeks.

16.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

17.

During the last three years, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over forty (40) hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendants has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant's violations of the FLSA were willful and in bad faith.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV.   Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA, and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend her Complaint add state laws if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 18th day of March, 2013.

                                   **BARRETT & FARAHANY, LLP**

                                   /s/ V. Severin Roberts
                                   Amanda A. Farahany
                                   Georgia Bar No. 646135
                                   V. Severin Roberts
                                   Georgia Bar No. 940504
                                   Attorneys for Bonnie Roper

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile